IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN J. MALDONADO, E33033, | ) | |
| Plaintiff(s), | ) | No. C 11-3526 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| KEN CLARK, Warden, | ) | (Docket # 3) |
| Defendant(s). | ) | |

      Plaintiff, a prisoner at Pelican Bay States Prison (PBSP), has filed a pro se complaint under 42 U.S.C. § 1983 seeking restoration of 180 days time credits that were assessed after prison officials at Corcoran State Prison (CSP) allegedly found him guilty of a serious disciplinary violation without affording him proper due process. Plaintiff also seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

      Based solely on his affidavit of poverty, plaintiff's request (docket # 3) to proceed IFP is GRANTED. But his underlying claim for restoration of assessed time credits must be dismissed without prejudice to bringing it in a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies. It is well established that habeas is the exclusive remedy for the

1    prisoner who seeks immediate or speedier release from confinement.  See

2    Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011); Calderon v. Ashmus, 523 U.S.

3    740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v.

4    Rodriguez, 411 U.S. 475, 500 (1973).  A claim for restoration of time credits that

5    affects the duration of a prisoner's custody, and a determination of which may

6    likely result in entitlement to an earlier release, as is the case here, accordingly

7    must be brought in habeas after exhausting state judicial remedies.  See

8    Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); Bostic v. Carlson, 884

9    F.2d 1267, 1269 (9th Cir. 1989); see also Ramirez v. Galaza, 334 F.3d 850, 858-

10   59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily"

11   or "likely" accelerate prisoner's release, must be brought in habeas).

12          For the foregoing reasons, the complaint is DISMISSED without prejudice

13   to bringing the claim therein in a petition for a writ of habeas corpus under 28

14   U.S.C. § 2254 after exhausting state judicial remedies.

15          The clerk shall enter judgment in accordance with this order, send plaintiff

16   a blank habeas form, and close the file.

17   SO ORDERED.

18   DATED:   Dec. 7, 2011

            CHARLES R. BREYER
19          United States District Judge

G:\PRO-SE\CRB\CR.11\Maldonado, S.11-3526.dismissal.wpd

2